IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KADEEM NOLAND, #Y47451, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 21-cv-01000-JPG ) |
| KRISTOPHER THARP and PAUL SARHAGE, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Kadeem Noland filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from his punishment with a thirty day lockdown and commissary restriction during his pretrial detention at Madison County Jail ("Jail").[1] (*See* Doc. 2). He asserts claims against the defendants for violating his right to due process of law and denying him access to the courts. (*Id.*). Plaintiff seeks monetary relief against the defendants. (*Id.* at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). The factual allegations of the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Noland originally filed this action with several co-plaintiffs. *See Evans, et al. v. Tharp, et al.*, Case No. 21-cv-905-JPG (S.D. Ill.). Pursuant to a Memorandum and Order dated August 17, 2021, the Court severed his claims into this separate suit. (Doc. 1).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (*see* Doc. 2): On July 29, 2021, Plaintiff's entire cell block at Madison County Jail was placed on lockdown when Lieutenant Sarhage smelled smoke. (*Id*. at 6). Without investigating the matter, issuing any disciplinary tickets, or conducting a disciplinary hearing, all detainees in the block were punished with a thirty day lockdown and commissary restriction. For some of this time, inmates could not purchase stamps and other supplies. (*Id*.).

Two weeks before the incident, Captain Tharp issued a memorandum to notify detainees that staff recently observed inmates attempting to start "small fires." (Doc. 2, p. 9). The captain made it clear that this conduct would not be tolerated. (*Id*.). He instructed detainees to report such incidents immediately, and he warned them that failing to do so would result in a "non-negotiable thirty (30) day lockdown of the block where the incident occurs," as well as a loss of commissary privileges for the same time period. (*Id*.). He added that this thirty day punishment was only a starting point and could be extended. (*Id*.).

When several inmates filed grievances to complain about their punishment in July and August 2021, Captain Tharp instructed detainees not to "waste my time or yours writing me telling me how unfair things are [because] [t]here will be no discussion on the matter." (*Id*. at 6). Captain Tharp emphasized that his top priority was the safety of the inmates.

## Discussion

Based on the allegations, the Court finds it convenient to designate two (2) counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment claim against Defendants Sarhage and Tharp for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with a thirty day lockdown and commissary restriction after Sarhage smelled smoke in the cell block on or around July 29, 2021.

**Count 2:** First and/or Fourteenth Amendment claim against Defendants Sarhage and Tharp for depriving Plaintiff of access to the courts by denying him stamps for use in contacting an attorney beginning on or around July 29, 2021.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

A Fourteenth Amendment due process claim arises when the state deprives a person of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" is a sufficient deprivation of liberty to give rise to due process protections. *See Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee cannot be placed in segregation or lockdown segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. *Rapier v. Harris*, 172 F.3d 999, 1004-05 (7th Cir. 1999).

With that said, a person who is lawfully detained in pretrial confinement is nevertheless subject to certain restrictions on his liberty. *See Rapier*, 172 F.3d at 1003. The government may take reasonable measures to effectuate pretrial detention, and this includes steps necessary to maintain safety and security at the facility. *Id*. As long as these measures are reasonably related to the orderly management of the facility, they are not considered punishment for the crime the detainee is charged with committing. *Id*.

Whether Plaintiff's placement in lockdown and commissary restrictions amounted to punishment, triggering due process protections, or merely a managerial decision, triggering no

such protections, is not altogether clear at this stage. Captain Tharp's memo refers to small fires that inmates were caught starting in early July 2021, and it threatens consequences for failing to report future attempts to start fires. (Doc. 2, p. 9). Plaintiff's Complaint characterizes the lockdown and commissary restrictions as "punishment" for the smell of smoke on July 29, 2021. (*Id*. at 6). Given that his placement in lockdown and commissary restrictions lasted thirty days—a far longer period of time than would typically be associated with an investigation into the smell of smoke—it appears that he may have been subject to punishment. And, according to Plaintiff, he received no due process protections, such as notice or a hearing, before or after the punishment occurred. At this stage, Count 1 shall be allowed to proceed against both defendants.[2]

### Count 2

Convicted persons and pretrial detainees alike have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977) (convicted persons); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993) (pretrial detainees). A claim for denial of access to the courts involves two components. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or

---

[2] This analysis hinges on Plaintiff's classification as a pretrial detainee when the punishment occurred. If further factual development reveals that he was a convicted prisoner at the time, the standard set forth in *Hardaway v. Meyerhoff*, 734 F.3d 740 (7th Cir. 2013), and *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009), governs this claim and may warrant dismissal of Count 1. However, Plaintiff's legal status can be determined as the case proceeds.

delay of plaintiff's pending or contemplated litigation." *Id.*; *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).

Plaintiff's allegations only address the first component of this claim. He complains of the denial of access to stamps beginning July 29, 2021. However, he does not indicate that this temporary lack of access to stamps impeded him from pursuing a meritorious claim in court. By all indications, it did not. The underlying complaint was filed on August 11, 2021. *See Evans, et al. v. Tharp, et al.*, Case No. 21-cv-905-JPG (S.D. Ill.). He refers to no other lawsuit or claim he was unable to pursue. Given the lack of any allegations establishing the second component of this claim, Count 2 shall be dismissed without prejudice for failure to state a claim.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 2) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** against Defendants **SARHAGE** and **THARP** will receive further review.

**IT IS ORDERED** that **COUNT 2** against Defendants **SARHAGE** and **THARP** is **DISMISSED** without prejudice for failure to state a claim for relief.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SARHAGE** and **THARP**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 2), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 2) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **<u>Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order</u>**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/12/2021**

<u>s/J. Phil Gilbert</u><br>
**J. PHIL GILBERT**<br>
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.